IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 5764 |
| ) | |
| ROBERT PERRY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Robert Perry's ("Perry") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the reasons stated below, we dismiss the motion.

**BACKGROUND**

On February 17, 2004, Perry, pursuant to a blind plea, entered a plea of guilty to Counts One, Two, and Three of the information. Count One charged Perry with robbery which affected commerce in violation of 18 U.S.C. §§ 1951 and 1952. Counts Two and Three charged Perry with bank robbery in violation of 18 U.S.C. § 2113(a) and (2). On August 26, 2004, Perry was sentenced by this court to be imprisoned for a term of 180 months on each of Counts One through Three to be

1

served concurrently. Perry has exhausted his appellate rights and on October 23, 2006, Perry brought the instant motion to vacate, set aside, or correct his sentence pursuant to Section 2255.

**LEGAL STANDARD**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts, "[i]f it appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. . . ." Rule 4(b) of Rules Governing Section 2255 Cases. Section 2255 provides in part the following:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see also Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000)(stating that "a § 2255 motion must be granted when a defendant's 'sentence was imposed in violation of the Constitution or laws of the United States'")(quoting in part 28 U.S.C. § 2255). The relief sought pursuant to Section 2255 "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process."

*Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A Section 2255 motion "is not a substitute for direct appeal" and "[c]laims not raised on direct appeal are barred from collateral review unless upon review [the court is] convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice." *Fountain*, 211 F.3d at 433-34 (stating that "[i]neffective assistance of counsel claims will generally fit into this mold; they generally are not appropriate for review on direct appeal as they often attempt to rely on evidence outside the record"). A § 2255 motion should be dismissed without a hearing "if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Dugan v. United States*, 18 F.3d 460, 464 (7th Cir. 1994); *see Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007)(stating that "[o]nly when the district court has determined that the § 2255 motion ought not be dismissed at that early stage does the district court have occasion to determine whether an evidentiary hearing is required")(citing Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts).

## DISCUSSION

Perry contends that he received ineffective assistance of counsel before this court alleging: (1) that his counsel failed to conduct an adequate investigation

3

surrounding the charges against him and that his counsel did not object to the circumstances surrounding his arrest; (2) that his counsel did not move for a suppression hearing; and (3) that he pled guilty based on defective advice from counsel. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. To establish ineffective assistance of counsel, a defendant must show that: "(1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial." *Fountain*, 211 F.3d at 434.

I. Previous Motions for Appointment of Counsel Before Court

We note that on May 4, 2004, this court held a hearing as to Perry's motion for new appointed counsel. Based on the evidence presented at the hearing by both Perry and his counsel, we found no evidence that the representation by Perry's attorney was in any way deficient or that Perry's counsel's representation fell below the standards for a reasonable attorney. (Min. Ord. 5/04/2004). As such, we granted counsel's motion to withdraw solely based upon Perry's indication that he could no longer work with his counsel, noting that new counsel was required in order to ensure that Perry's right to counsel was not in any way impaired by a conflict between himself and his attorney. (Min. Ord. 5/04/2004). Further, on June 21, 2004, this court held another hearing as to Perry's motion for new appointment of counsel. Once again, based on the evidence presented at the hearing by both Perry and his

counsel, we found "absolutely no evidence that the representation by defendant Perry's attorney . . . was in any way deficient or that his representation fell below the standards for a reasonable attorney" and appointed new counsel "solely based upon defendant Perry's indication that he has irreconcilable differences with counsel that has resulted in a total lack of communication." (Min. Ord. 6/21/2004). Thus, this court is intimately familiar with Perry's claims presented to the court and at no time during the course of the criminal proceedings against Perry was any evidence presented that would indicate that Perry's counsel was in any way deficient.

II. Failure to Investigate

Perry argues that his "[c]ounsel should have known to conduct and [sic] adequate investigation into the documentation regarding both [his] arrest . . . and the subsequent search and seizure conducted in [his] apartment." (Att. 4). As articulated by the Seventh Circuit, a lawyer owes his client "'a duty to make reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary,' and a failure to investigate can certainly constitute ineffective assistance." *Adams v. Bertrand*, 453 F.3d 428, 436 (7th Cir. 2006)(quoting *Washington v. Smith*, 219 F.3d 620, 631 (7th Cir. 2000)).

In the instant action, Perry fails to provide any facts that would show that his counsel did not adequately investigate the criminal charges against Perry. At the time Perry determined that he would plead guilty to the criminal charges against him, Perry's counsel was in the process of preparing for Perry's trial and his counsel has

5

represented to the court that had Perry gone to trial, his counsel would have been fully prepared for trial on the scheduled date. (4/27/2004 Adamski Declaration). In addition, all of the relevant discovery information had been supplied and explained to Perry in detail by his counsel prior to Perry's guilty plea. Further, at the change of plea hearing, this court asked Perry whether he had "discussed the content of the charges . . . with [his] attorney," and Perry answered, "Yes, sir." (2/17/2004 Plea Tr. 18). Also, as noted above, during a hearing to determine new appointment of counsel for Perry, this court found no evidence that the representation by Perry's attorney was in any way deficient or that Perry's counsel's representation fell below the standards for a reasonable attorney. Finally, there is no evidence presented by Perry that discovery of the evidence would have led counsel to change his recommendation as to Perry's plea, that any additional motions would have been filed, or that the evidence likely would have changed the outcome of a trial. *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985). Thus, Perry's contention that his counsel did not reasonably investigate the criminal charges against Perry is not meritorious.

III.  Motion to Suppress & Object to Evidence

Perry argues that his counsel should have "raise[d] an objection to [Perry's] arrest," (Att. 1), and that his counsel "should have acquire[d] an evidentiary hearing that would have resolved the issue of the warrantless arrest and the warrantless search and seizure." (Att. 4). However, Perry has not pointed to any facts that would have made a motion to suppress meritorious. Further, as noted above, there is no evidence that Perry's counsel was not adequately investigating the charges against

Perry in preparation for trial. The facts and conclusory allegations included in Perry's motion, as well as facts in the record before the court, do not show any improprieties by the Government agent during Perry's arrest and seizure and such a motion would have been frivolous. In addition, the decision of a defendant as to whether to file certain motions is a tactical decision that can be made by the defendant's counsel and such a decision is entitled to deference. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984)(stating that "[t]here are countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way"); *United States v. Malone*, 2007 WL 1238870, at *2 (7th Cir. 2007)(stating that "[a] decision not to file a suppression motion can be tactical, and there are plausible reasons (a belief that such a motion has no chance for success is one) why counsel acted as he did" and that "[t]rial tactics are a matter of professional judgment"); *Rodriguez v. United States*, 286 F.3d 972, 985 (7th Cir. 2002)(indicating that "[f]ailing to raise [an] argument, when it was likely to fail, cannot be deemed to be unreasonable behavior by an attorney"); *Killingsworth v. Bensko*, 386 F.Supp.2d 949, 960 (N.D. Ill. 2005)(stating that "the decision whether to file a motion to suppress or not is usually a strategic call that will be given substantial deference against second-guessing"); *Mitcham v. Washington*, 1994 WL 457225, at *4 (N.D. Ill. 1994)(stating that "[a]n attorney's decision to file or not to file a motion is regarded as a matter of trial strategy which must be given deference"). Thus, Perry has not shown that his counsel's performance was inadequate due to the fact that he declined to bring a

motion to suppress.

IV.  Guilty Plea

Perry contends that his counsel gave him "defective advice to plea [sic] guilty knowing that he had failed to conduct an adequate investigation into the facts of the case."  (Att. 5).  In order to establish that counsel was ineffective after a defendant has pled guilty, "a defendant must demonstrate that his counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that, but for counsel's error, the defendant would not have pled guilty but would have insisted on going to trial."  *Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003); *see Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002)(noting that to meet the prejudice prong of the Strickland test in the context of a guilty plea, the defendant must show that but for counsel's error, he would not have pled guilty).

In the instant action, Perry fails to provide any facts that would show that he was not fully advised of his right to plead guilty or not-guilty and the advantages and disadvantages of each choice.  Perry's sole contention that he was given "defective" advice by his counsel stems from the fact that he believes that his counsel should have filed a motion to suppress certain evidence and that his counsel did not investigate the charges against Perry.  However, as noted above, there is no evidence that Perry's counsel in any way failed to investigate the charges brought against Perry.  In fact, Perry's counsel was in the process of preparing for trial when Perry decided to plead guilty to the charges brought against him.  (2/17/2004 Plea Tr. 2,

8

10-11, 15-16); (4/27/2004 Adamski Declaration). In addition, Perry was given all of the relevant information regarding his counsel's preparation for trial prior to his decision to plead guilty. (4/27/2004 Adamski Declaration); see *McMann v. Richardson*, 397 U.S. 759, 770 (1970)(stating that "[w]aiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts"). At the change of plea hearing, the court entered into a lengthy colloquy with Perry and explained to him his trial rights and what he was giving up by waiving an indictment and pleading guilty. (2/17/2004 Plea Tr. 22-25). At the change of plea hearing, both the Government's and Perry's counsel indicated that Perry would enter a blind plea of guilty. The court then asked Perry if he understood that he was entering a plea of guilty without a plea agreement and Perry responded, "Yes, Sir." (2/17/2004 Plea Tr. 26). Further, Perry stated that his counsel advised him of the consequences of his guilty plea, (2/17/2004 Plea Tr. 10), and when asked by the court whether Perry had "discussed the content of the charges . . . with [his] attorney," Perry answered, "Yes, sir." (2/17/2004 Plea Tr. 18). *See Moore*, 348 F.3d at 241 (noting that "when assessing counsel's performance . . . a reasonably competent lawyer will attempt to learn all of the relevant facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty"); *see also United States v. Cieslowski*, 410 F.3d 353, 358-59 (7th Cir. 2005)(finding that to prove inadequate performance, a defendant must show that counsel did not attempt to learn the facts of

the case and failed to make a good-faith estimate of a likely sentence); *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999)(holding that to provide effective assistance of counsel in a guilty plea, counsel must attempt to learn the facts of the case and make a good-faith estimate of a likely sentence); *United States v. Barnes*, 83 F.3d 934, 939 (7th Cir. 1995)(finding that a reasonably competent counsel will attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis to the client). At the change of plea hearing, the court asked Perry, "Has anyone forced you, sir, in any way to plead guilty?" and Perry responded, "No, Sir." (2/17/2004 Plea Tr. 31). The court further asked Perry, "Has anyone threatened you in any way to plead guilty?" and Perry replied "No, sir." (2/17/2004 Plea Tr. 31). The court also asked Perry, "Apart from what you've told me and what the Government and your lawyer have told me, have there been any promises . . . made to you to cause you to plead guilty?" to which Perry answered, "No, sir." (2/17/2004 Plea Tr. 31). Finally, the court asked Perry, "Is your decision to plead guilty entirely voluntary?" and Perry responded, "Yes, sir." (2/17/2004 Plea Tr. 31). Perry clearly understood what he was doing and voluntarily entered a plea of guilty. Thus, there are not sufficient facts to conclude other than that Perry made an informed choice when he decided to plead guilty. *See Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006)(stating that the "mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice"). Based on the analysis above, Perry has failed to show that his counsel's performance fell below an objective standard of reasonableness in any way. In addition, we note

that Perry has failed to show that any of the alleged actions by his counsel prejudiced his defense. Finally, Perry fails to allege facts that would, if proven, entitle him to relief and, thus, an evidentiary hearing is unnecessary to decide this motion. *Dugan*, 18 F.3d at 464.

## CONCLUSION

Based on the foregoing analysis, we dismiss Perry's motion to vacate, set aside, or correct his sentence.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 11, 2007